UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **SAMANTHA SMITH** | * | **CIVIL ACTION NO.** |
| | * | |
| V. | * | **JUDGE** |
| | * | |
| **LOVE'S TRAVEL STOP** | * | **MAGISTRATE** |
| **& COUNTRY STORES** | * | **JURY DEMAND** |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes SAMANTHA SMITH, ("Plaintiff"), who respectfully represents the following:

## I. JURISDICTION

1. This is an action for declaratory, injunctive and monetary relief for discrimination and retaliation in employment in violation of the Family and Medical Leave Act, codified at 29 U.S.C. Section 2601 *et seq,* and the Americans with Disabilities Act, codified at 42 U.S.C. Section 12101 *et seq*.

Jurisdiction is based on 29 U.S.C. Section 2617(a), and 42 U.S.C. Section 12117. 28 U.S.C. Section 1331, and 28 U.S.C. Section 1332.

## II. PARTIES

2. Plaintiff, Samantha Smith, is an adult female and a resident of State of Louisiana currently residing in Cotton Valley, Louisiana.

3. Made Defendant in this action is:

LOVE'S TRAVEL STOP & COUNTRY STORES, a company organized under the laws of the United States of America ("Defendant"), who may be served through its registered agent C T Corporation System, 1833 South Morgan Road, Oklahoma City, OK, 73128.

4. At all times referred to in this Complaint, Defendant was engaged in an industry affecting commerce.

5. Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. Section 2611(4) and 42 U.S.C. Section 12117.

## III.  VENUE

6. Venue lies in this Court as the unlawful employment practices and other actions made the basis of this suit occurred within the Western District of Louisiana.

## IV.  FACTUAL ALLEGATIONS

7. Plaintiff Samantha Smith was hired by Defendant as a "OM2" Manager on September 17, 2018. Her employment was terminated on November 11, 2021. Prior to the termination of her employment, Plaintiff was recognized as an exemplary employee of Defendant.

8. In March 2021, Plaintiff requested leave to accommodate a disability and serious health condition and was granted the same under the Family Medical Leave Act. The leave began in March, 2021 and expired on June 2, 2021.

9. On June 14, 2021, Plaintiff's Manager, Jason O'Neal responded to Plaintiff's request for a raise that the Plaintiff's "disability leave complicated your (her) raise." Plaintiff complained that she was being retaliated against because of her protected leave and disability.

10. On September 27, 2021, Plaintiff filed a complaint of disability discrimination and retaliation with Defendant's Human Resources Department.

11. Subsequently, Plaintiff was provided a medical certification requesting an accommodation to her disability regarding a work schedule change. Plaintiff's manager denied her request for an accommodation.

12. Plaintiff, once again reached out to Defendant's Human Resource Office to participate in the interactive process to facilitate her return to work and modified schedule. Plaintiff, at all times, complied with Defendant's requests for medical certifications.

13. On December 8, 2021, Plaintiff received a phone call from Human Resources terminating the interactive process and informing her that they was no position for her with the Defendant.

14 Plaintiff was retaliated against for taking leave under the Family Medical Leave Act and discriminated against due to her disability and/or perceived disability.

15. Said discrimination and retaliation included, but was not limited to, terminating Plaintiff's employment with Defendant - all for pretextual reasons. In fact, said acts were taken in retaliation for Plaintiff's use of FMLA leave and/or due to discrimination based on disability/perceived disability and/or her age.

## V.  ADMINISTRATIVE PREREQUISITES

16. Plaintiff timely filed charges of discrimination and retaliation with the Equal Employment Opportunity Commission and Louisiana Commission on Human Rights and has received her Notice of Right to Sue.

## VI.  CAUSE OF ACTION

17. The actions and conduct of Defendant set forth herein constitute interference, restraint or denial of Plaintiff's rights under the Family Medical Leave Act in the following non-exclusive particulars:

(a) Failing to provide Plaintiff with leave as required by the FMLA and/or interfering with the same;

  (b)  Failing to designate all or a portion of Plaintiff's leave as FMLA leave;

  (c)  Failing to allow Plaintiff to take FMLA;

  (e)  Failing to properly reinstate Plaintiff following the FMLA leave, and

  (f)  Retaliating against Plaintiff for requesting leave due under the FMLA;

 18. The actions and conduct of Defendant set forth herein constitutes discrimination due to disability and/or being regarded as disabled in violation of 42 U.S.C. Section 12101 *et seq.* and R.S. 23:323 *et seq.*

 19. The Defendant's actions complained of herein were performed with malice or reckless indifference to and in knowing violation or reckless disregard of Plaintiff's federally-protected rights and caused Plaintiff emotional distress.

 20. The stated reason for terminating Plaintiff's employment was clearly pretextual.

 21. As a result of the actions taken by Defendant, Plaintiff has suffered tremendous anxiety, mental anguish, mental suffering, humiliation and embarrassment. The damage done to Plaintiff's reputation as an employee has been enormous, and Plaintiff has suffered both economic and emotional distress because of Defendant's conduct.

## VII.  JURY TRIAL DEMANDED

 22. Plaintiff demands a trial by jury as to all matters permitted by law.

## VIII.  RELIEF

WHEREFORE, PLAINTIFF PRAYS:

 (A) that the Court declare the employment practices of which complaint is made to be in violation of 29 U.S.C. Sections 2601 *et seq.*, and 42 U.S.C. Sections 12101 *et seq.*, and otherwise inculpatory and illegal;

(B)     that the Court order Defendant to pay front pay and lost future wages in amounts to be determined by the jury;

(C)     that Plaintiff be awarded back pay, including prejudgment interest, and any other benefits or seniority to which he may have been entitled or which he may have lost as a result of the discrimination or retaliation or tortious conduct against her;

(D)     that Plaintiff be awarded compensatory and liquidated damages pursuant to 29 U.S.C. Section 2617(a), and 42 U.S.C. Section 12117 (a);

(E)     that Plaintiff be awarded the costs of this action, including attorneys' fees, pursuant to 29 U. S. C. Section 2617(a)(3), and 42 U.S.C. Section 12117;

(F)     for trial by jury for those matters triable to a jury; and

(G)     that Plaintiff be awarded such other and further relief as the Court finds equitable, just and proper.

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By:___*/s/ Allison A. Jones*_____
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| SAMANTHA SMITH | * | CIVIL ACTION NO. |
| | * | |
| V. | * | JUDGE |
| | * | |
| LOVE'S TRAVEL STOP | * | MAGISTRATE |
| & COUNTRY STORES | * | JURY DEMAND |

## VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared SAMANTHA SMITH, who did depose and state that she is the Plaintiff in the foregoing Complaint, that she has read the Complaint, and that all of the allegations contained therein are true and correct to the best of her knowledge, information and belief.

_____
SAMANTHA SMITH

SWORN TO AND SUBSCRIBED before me, Notary Public, this 12th day of December, 2022.

_____
NOTARY PUBLIC

JANET H HEARNSBERGER
Notary Public
State of Louisiana
Webster Parish
Notary ID # 26449
My Commission is for Life